IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMBER BRINSON | Criminal Action No.<br><br>1:17-CR-00077-WSD-JFK |

**United States' Response to Defendant Amber Brinson's
Sentencing Memorandum**

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, through Jolee Porter, Assistant United States Attorney for the Northern District of Georgia, hereby files the United States' Response to Defendant Amber Brinson's Sentencing Memorandum.

**Brief Statement of the Case**

This case involves the sex trafficking of a 13-year-old victim by Amber Brinson and her co-defendant Daveon Brantley from June 1, 2016 through June 7, 2016. (PSR ¶ 8). Brantley and Brinson had the young runaway engage in commercial sex acts for nearly a week for their own financial gain. At the time, the victim had no clothes other than the garments she was wearing, nor did she have any money, driver's license, or cell phone. As a young runaway without any means to care for herself, A.P. was vulnerable. At the direction of her co-defendant, Brantley, Brinson took sexually explicit photos of the 13-year-old. From June 1 through June 3, 2016, Brantley and Brinson posted nine ads containing photos of A.P. on Backpage.com. Four of the ads included nude

photos of A.P., showing potential sex customers the 13-year-old's breasts and pubic area. Ad titles included "2 Girl Special You Don't Want to Miss," "Sexy Exotic Slim Cutie Ready4You," "2 slim thick girls ready2play," and "Sexy Mixed Beauty Ready2play." Although styled as advertisements for "escort" and "adult job" services, the purpose of the ads was to solicit customers for commercial sex. Brantley and Brinson also engaged in sex acts in front of the minor, an event that was filmed. Brantley and Brinson continued to traffic A.P. until the Acworth Police Department recovered the child from a Super 8 Motel in Acworth, Georgia on June 7, 2016 after their acquaintance alerted the police of the victim's location.

## **Procedural History**

On April 18, 2017, a federal grand jury sitting in the Northern District of Georgia returned a First Superseding Indictment charging Defendants Daveon Brantley, a/k/a "Swalay," and Amber Brinson in a four-count First Superseding Indictment with (1) conspiracy to sex traffic a minor, in violation of Title 18, United States Code, Section 1594(c), (2) sex trafficking of a minor, in violation of Title 18, United States Code, Section 1591(a), (3) production of child pornography, in violation of, in violation of Title 18, United States Code, Section 2251(a) and (e), and (4) distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b). (Doc. 39). Brinson entered a negotiated plea of guilty to the first count of the indictment, which carries a statutory maximum punishment of life imprisonment. Brinson is scheduled to be sentenced on April 17, 2018.

2

## The Pre-sentence Report

On April 10, 2018, the United States Probation Office issued its Final Presentence Investigation Report ("PSR") in Brinson's case. (PSR). The PSR determined that the applicable sentencing guideline is Section 2G1.3(a)(1), imposing a base offense level of 34. (PSR at ¶ 30). The probation officer recommended an upward adjustment of two levels because the offense involved the use of a computer to solicit persons to engage in prohibited sexual contact with a minor under Section 2G1.3(b)(3)(B); an upward adjustment of two levels because Brinson's offense involved a commercial sex act under Section 2G1.3(b)(4)(B); an upward adjustment of two levels because the defendant knew or should have known the victim was a vulnerable victim under Section 3A1.1(b)(1); and an upward adjustment of five levels because defendant engaged in a pattern of activity involving prohibited sexual conduct under Section 4B1.5(b)(1). (PSR at ¶¶ 31-33, 48).

Last, the PSR applied a downward adjustment of three levels based on Brinson's acceptance of responsibility under Sections 3E1.1(a) and (b), resulting in a total offense level of 42. (PSR at ¶¶ 49-50). The PSR also determined that Brinson's Criminal History Category is a Category I and her custody guideline range is 360 months to life. (PSR at Part D).

## Argument

**1. THE COURT SHOULD IMPOSE A SUBSTANTIVELY REASONABLE SENTENCE OF 10 YEARS UNDER 18 U.S.C. § 3553.**

After correctly calculating the advisory Guidelines range, a district court must impose a reasonable sentence based on the Section 3553(a) factors.[1] *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The Court should impose a 10-year sentence, as this sentence is appropriate under the factors to be considered by the Court. 18 U.S.C. § 3553(a).

**A. Brinson's crime warrants a sentence of 10 years.**

Brinson's crime in this case is serious and will have a lasting impact on the 13-year-old victim that Brinson sex trafficked. Not only did Brinson and Brantley use the child for commercial sex acts, but they also posted nude photos of the child in online sex ads. The ads offered "2 girl special[s]" and told men perusing the "escorts" and "adult jobs" sections of Backpage.com that the minor was

---

[1] Section 3553(a) requires district courts to consider the following factors in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect (A) the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to provide general deterrence; (C) to provide specific deterrence; and (D) to provide the defendant with appropriate rehabilitation options; (3) the kinds of sentences available; (4) the advisory Guidelines range; (5) the Guidelines' policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution. 18 U.S.C. § 3553(a)(1)–(7).

"freaky" and "ready2play." The 13-year-old was a runaway at the time Brinson and Brantley came into contact with her. Her vulnerability was highlighted by the fact that she was young and had no cell phone, identification, money, vehicle, or clothes other than the garments she was wearing. Over the course six days, Brantley and Brinson had the minor have sex with numerous adult men for financial gain. Brantley and Brinson also had sex in front of the 13-year-old and filmed it. The serious nature of Brinson's offense warrants a sentence of 10 years', or 120 months', imprisonment.

The government acknowledges that Brinson is young, has no criminal history, and cooperated with the government in this case. Those facts have led the government to recommend a below guideline sentence of 10 years, which involves an eleven level downward variance. The government's recommendation also takes into account the fact that Brantley, not Brinson, recruited the minor victim and collected all of the proceeds from the child's commercial sex acts. It further takes into account the abuse Brinson suffered from Brantley and the fact that Brantley pimped Brinson along with the victim in this case. The government is not blind to Brinson's personal struggles that her counsel outlines in her Sentencing Memorandum. But these facts must be balanced against the seriousness of Brinson's crime in this case. Indeed, this was the Eleventh Circuit's point in *Irey*—that district courts must balance the

mitigating and aggravating factors to ensure the imposed sentence is not too long, but also not too short. *See Irey*, 612 F.3d at 1197. For the reasons stated herein, the Government believes that a sentence of 120 months, or 10 years, is sufficient, but not greater than necessary, to achieve the sentencing aims of Section 3553(a).

## Conclusion

For the foregoing reasons, the government respectfully asks the Court to sentence Brinson to 120 months', or 10 years', imprisonment.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/ JOLEE PORTER
*Assistant United States Attorney*
Georgia Bar No. 462455

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Victoria Calvert, Esq.

April 12, 2018 /s/ JOLEE PORTER
*Assistant United States Attorney*